**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GUSTAVO OCEGUERA REBOLLEDO, | ) Case No.: 1:16-cv-00441-BAM |
| Plaintiff, | ) |
| | ) **ORDER ON PLAINTIFF'S** |
| v. | ) **SOCIAL SECURITY COMPLAINT** |
| NANCY A. BERRYHILL, Acting | ) |
| Commissioner of Social Security, | ) |
| Defendant. | ) |

**INTRODUCTION**

Plaintiff Gustavo Oceguera Rebolledo ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his applications for disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act and for supplemental security income ("SSI") pursuant to Title XVI of the Social Security Act.[1]  The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe.

---

[1]  Nancy A. Berryhill is the Acting Commissioner of Social Security.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin as the defendant in this suit.

1

The Court finds that the decision of the Administrative Law Judge ("ALJ") to be supported by substantial evidence in the record as a whole and based upon proper legal standards. Accordingly, this Court affirms the agency's determination to deny benefits.

## BACKGROUND

On March 22, 2012, Plaintiff filed an application for disability insurance benefits and social security income, alleging disability beginning on February 1, 2010. 225-26, 227-28, 229-30. Plaintiff's applications were denied initially and on reconsideration. AR 146-50, 153-57. Thereafter, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). AR 160-61. ALJ Cusker held a hearing on March 5, 2014, and issued an order denying benefits on May 23, 2014. AR 14-29, 37-58. Plaintiff sought review of the ALJ's decision, which the Appeals Council denied, making the ALJ's decision the Commissioner's final decision. AR 1-4, 12-13. This appeal followed.

### Hearing Testimony

The ALJ held an administrative hearing on March 5, 2014, in Fresno, California. AR 37. At the hearing, Plaintiff appeared and testified with the assistance of interpreter. Impartial vocational expert Jose Chaparro also appeared and testified. AR 36.

At the outset of the hearing, the ALJ confirmed Plaintiff's waiver of his right to representation. AR 38. Thereafter, in response to questioning, Plaintiff testified that he has a driver's license and is able to drive, but with a lot of problems because he cannot be seated for long. He also cannot communicate in English, but completed the sixth grade in Mexico. AR 41-42.

When asked what limited his ability to work, Plaintiff testified that it was his back and he has a lot of pain. AR 43. Plaintiff confirmed that his pain medication helps his symptoms and he does not have any side effects from it. AR 45. He recently received a prescription to start physical therapy, but it has not been authorized by insurance. His doctor said he had to attend physical therapy before he would be given injections. AR 48-49. Plaintiff also confirmed that he takes medication for depression. AR 45.

When asked about his activities, Plaintiff testified that he can dress and bathe himself, but struggles with pain. He prepares meals because his wife is blind. He also does laundry, goes shopping and helps with housework. He watches television for about an hour, but spends almost all

2

day outside with his dog. He also likes to go outside and walk, but can only walk about half a block. He can stand for two hours at a time and sit for two hours at a time. When he is outside, he spends most of his time sitting down. He can lift two bags of groceries. AR 46-48.

Following Plaintiff's testimony, the ALJ questioned VE Jose Chaparro. The VE testified that Plaintiff's past work was classified as yard worker, farm worker II, and commercial or industrial cleaner. AR 52-53. The ALJ also asked the VE hypothetical questions. For the first hypothetical, the ALJ asked the VE to assume an individual with the same age, lack of English literacy, marginal education, and work history as Plaintiff. This individual could lift and/or carry 20 pounds occasionally and 10 pounds frequently, could stand and/or walk with normal breaks for about six hours in an eight-hour work day, could sit with normal breaks for about six hours in an eight-hour workday, and could push and/or pull to the same extent that he could lift and carry. This individual also could frequently climb ramps, stairs, ladders, ropes and scaffolds, could frequently stoop, kneel and crouch, and could balance and crawl without limitation. The individual had no manipulative, visual, communicative or environmental limitations. This individual also was capable of simple, repetitive work, could sustain concentration, persistence and pace for the usual work day or work week and could interact and adapt accordingly. The VE testified that this individual could not perform Plaintiff's past relevant, but could perform other jobs in the national economy, such as sub-assembler and housekeeping cleaner. AR 53-55.

For the second hypothetical, the ALJ asked the VE to consider an individual with the same vocational factors as hypothetical one. This individual would need to take three naps per day lasting two hours total and would experience diarrhea once a day. This individual could walk one block, could lift and carry 10 pounds occasionally or frequently, and could stand and/or walk for less than two hours in the course an eight-hour work day. The VE testified that this individual had the capacity for less than a full range of sedentary work and suggested an inability to perform an eight-hour day and forty-hour week. AR 55-56.

For the third hypothetical, the ALJ asked the VE to consider an individual capable of lifting and/or carrying only 10 pounds occasionally. This individual could stand and/or walk less than two hours in an eight-hour day and must periodically alternate sitting and standing, but could not sit for

more than one hour at a time.  The VE testified that this was consistent with a less than sedentary residual functional capacity and was consistent with a conclusion that the individual could not perform an eight-hour day, forty-hour week.  AR 56.

**Relevant Medical Evidence**

The relevant medical record was reviewed by the Court, and will be referenced below as necessary to this Court's decision.

## THE ALJ'S DECISION

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff was not disabled.  AR 20-29.  In particular, the ALJ found that Plaintiff had not engaged in any substantial gainful activity since February 1, 2010, his alleged onset date.  AR 22. The ALJ identified the following severe impairments: degenerative disc disease of the lumbosacral spine and mood disorder.  AR 22.  Nonetheless, the ALJ determined that the severity of the Plaintiff's impairments did not meet or medically equal any of the listed impairments.  AR 23-24.

Based on his review of the entire record, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to lift and/or carry, push and pull 20 pounds occasionally and 10 pounds frequently; sit, stand and/or walk 6 hours in an 8-hour work day; and frequently climb, stoop, kneel and crouch.  He also could perform simple, repetitive work, sustain concentration, persistence and pace for the usual day and/or week and could interact and adapt accordingly.  AR 24-27.  The ALJ then found that Plaintiff was unable to perform any past relevant work.  AR 27.  However, the ALJ determined that there were jobs existing in significant numbers in the national economy that Plaintiff could perform.  AR 28-29.  The ALJ therefore found Plaintiff not disabled under the Social Security Act.  AR 29.

## SCOPE OF REVIEW

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act.  In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405 (g).  Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance.  *Sorenson v. Weinberger*, 514 F.2d 1112,

1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commission's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commission must apply the proper legal standards. *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Secretary applied the proper legal standards, and if the Commission's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

## **DISABILITY STANDARD**

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

## **DISCUSSION**[2]

Plaintiff contends the ALJ failed to articulate sufficient reasons to reject his testimony. (ECF No. 15, pp. 3, 4.) The Court disagrees.

In deciding whether to admit a claimant's subjective complaints of pain, the ALJ must engage in a two-step analysis. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014); *Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1196 (9th Cir. 2004). First, the claimant must produce objective

---

[2] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

5

medical evidence of his impairment that could reasonably be expected to produce some degree of the symptom or pain alleged. *Garrison*, 759 F.3d at 1014. If the claimant satisfies the first step and there is no evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of his symptoms only by offering specific, clear and convincing reasons for doing so. *Id.* at 1015.[3]

Here, the ALJ found that Plaintiff satisfied the first step of the analysis and made no finding of malingering. At the second step of the analysis, however, the ALJ determined that "the claimant's statements concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely credible . . . . " AR 26. Therefore, the ALJ's reasons for discounting the alleged severity of Plaintiff's symptoms must be specific, clear and convincing. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492-93 (9th Cir. 2015).

Contrary to Plaintiff's suggestion that the ALJ erroneously relied on oft-rejected boilerplate language (ECF No. 15 at p. 7), the ALJ provided specific, clear and convincing reasons for discounting Plaintiff's testimony regarding the limiting effects of his symptoms. First, the ALJ found that Plaintiff's testimony was not supported by the medical evidence of record. AR 27. Although lack of medical evidence cannot form the sole basis for discounting a claimant's testimony, it is a factor that the ALJ can consider. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Here, the ALJ noted that Plaintiff's physical examinations had yielded few objective findings, essentially limited to decreased lumbar range of motion. AR 27. In so finding, the ALJ considered the consultative examiner's report, which revealed that while Plaintiff had some limited range of motion on forward flexion, extension and lateral flexion of his back, Plaintiff's straight leg raising was negative at 90 degrees, he had no muscle spasm and his muscle tone appeared equal throughout his back, his strength was 5/5 in all extremities, and his gait was within normal limits. AR 25, 27, 422-24. Additional

---

[3] At the time of the ALJ's decision, Social Security Ruling ("SSR") 96-7p, 1996 WL 374186, was in effect and explained the factors to be considered in assessing credibility. In March 2016, that ruling was superseded by SSR 16-3p, 2016 WL 119029. The Ninth Circuit has not expressly ruled on whether SSR 16-3p applies retroactively, but has determined that SSR 16-3p "makes clear what [its] precedent already required: that assessments of an individual's testimony by an ALJ are designed to 'evaluate the intensity and persistence of symptoms after [the ALJ] find[s] that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms,' and not to delve into wide-ranging scrutiny of the claimant's character and apparent truthfulness. *Trevizo v. Berryhill*, --- F.3d ---, 2017 WL 4053751, at *9 n. 5 (9th Cir. Sept. 14, 2017) (citing SSR 16-3p). In this instance, it is not necessary for the Court to determine whether SSR 16-3p applies retroactively as the outcome would be the same under either SSR 16-3p or SSR 96-7p.

6

treatment records, also considered by the ALJ, generally showed normal findings related to Plaintiff's back. AR 24-26, 333-34 (normal range of motion, no edema or tenderness, normal reflexes and normal muscle tone); 335-36 (no edema and no tenderness); *see also* AR 459 (mild tenderness of bilateral lumbar paraspinus muscle region, straight leg raising is negative), 461 (normal strength, bulk and tone). The ALJ also considered Plaintiff's lumbar MRI in June 2012, which revealed minimal findings of small disc herniations at L4-5 and L5-S1, mild narrowing, and mild facet arthropathy. AR 27, 401-02.

As to Plaintiff's mental impairments, the ALJ found that Plaintiff essentially had a normal mental status examination. AR 27. The ALJ based this finding on the consultative examination, which revealed a reportedly depressed mood, but a broad and appropriate affect and goal-directed thought processes. On examination, Plaintiff also was oriented to person, place and date, was able to do digit span five of five forward and backwards correctly and was able to recall three out of three items after five minutes. Additionally, his recent memory was intact and his remote memory did not show any impairment, his insight and judgment were intact, and his fund of knowledge was average. AR 25, 27, 428-31.

Second, in the absence of objective findings supporting Plaintiff's limitations, the ALJ also discounted Plaintiff's complaints based on his receipt of little treatment for back pain and a lack of mental health treatment.[4] AR 27. An ALJ is permitted to consider lack of treatment in his assessment of claimant's subjective complaints. *Burch*, 400 F.3d at 681.

Third, the ALJ discounted Plaintiff's testimony based on his activities of daily living. Recognizing that "disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations," the Ninth Circuit has held that "[o]nly if the level of activity were inconsistent with [a claimant's] claimed limitations would these activities have any bearing on [his] credibility." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citations omitted); *see also Garrison*, 759 F.3d at 1016. While a claimant need not "vegetate in a dark room" in order to be eligible for benefits, however, the ALJ may discredit a claimant's testimony when the claimant reports

---

[4] Plaintiff has not asserted an apparent challenge to this reason for discounting his subjective complaints.

7

participation in everyday activities indicating capacities that are transferable to a work setting. *Molina v. Astrue*, 674 F.3d 1104, 1112–13 (9th Cir. 2012) (internal citations and quotations omitted). Even where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment. *Id.* Here, the ALJ appropriately considered that Plaintiff's activities, which included driving, preparing meals, shopping, housework and going for walks, were inconsistent with his claimed limitations. AR 27. The ALJ also considered the contradiction between Plaintiff's testimony that he could stand for two hours at time with his activities that included "much time outside, predominantly sitting." AR 27

Fourth, the ALJ considered several inconsistencies that undermined Plaintiff's complaints. AR 27. An ALJ properly may consider a claimant's inconsistent statements. *See Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996); *see also* SSR 16-3p, 2016 WL 1119029 at *8 ("We will consider an individual's statements about the intensity, persistence, and limiting effects of symptoms, and we will evaluate whether the statements are consistent with objective medical evidence and the other evidence;" "we will consider the consistency of the individual's own statements"); SSR 96-7p, 1996 WL 374186 at *5 (adjudicator must consider "consistency of the individual's own statements"). In this instance, the ALJ expressly contrasted Plaintiff's report that he can drive, but has problems because he cannot sit for long, with Plaintiff's subsequent testimony that he spent most of his day sitting. AR 27, 41, 47-48. The ALJ also contrasted Plaintiff's testimony that he could not work due to back pain, with his testimony and evidence indicating that medication relieved his pain without side effects. AR 27, 43, 45, 403.

Additionally, the ALJ discounted Plaintiff's report that he could not sit for very long based on the ALJ's own observations that Plaintiff sat through the hour-long hearing. AR 27. An ALJ may rely on personal observations of the claimant at the administrative hearing when evaluating a plaintiff's testimony. *See*, *e.g.*, *Thomas v. Barnhart*, 278 F.3d 947, 960 (9th Cir. 2002) (ALJ properly relied in part on claimant's demeanor at hearing in discounting her testimony); *Drouin v. Sullivan*, 966 F.2d 1255, 1258–59 (9th Cir. 1992) (ALJ's personal observations at hearing one permissible factor taken into consideration in assessing claimant's allegations of severe, disabling pain); SSR 16-3p, 2016 WL 1119029 at *7 ("The adjudicator will consider any personal observations of the individual in terms of

how consistent those observations are with the individual's statements about his or her symptoms as well as with all of the evidence in the file."); SSR 96-7p, 1996 WL 374186 at *5 ("In instances where the individual attends an administrative proceeding conducted by the adjudicator, the adjudicator may also consider his or her own recorded observations of the individual as part of the overall evaluation of the credibility of the individual's statements.").

The ALJ also considered that Plaintiff had been treated conservatively with medication, which relieved his symptoms. AR 24, 27, 45, 403, 420-24. Evidence of conservative treatment is a sufficient reason to discount a claimant's testimony regarding the severity of impairment. *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (conservative treatment with medication was sufficient to discredit testimony). Moreover,"[i]mpairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for" social security benefits. *Warre v. Comm'r Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). Based on Plaintiff's testimony, the ALJ observed that Plaintiff's HIV infection was controlled with medication and did not cause any complications, his pain medication helped relieve his symptoms without adverse side effects and he denied any treatment for depression other than medication. AR 27, 44, 45.

Plaintiff challenges the ALJ's determination that he treated conservatively and effectively with medication, and argues that the record establishes he has had epidurals without relief and he also ingests "potent narcotic pain medications," which are not forms of conservative treatment. (ECF No. 15 at p. 9.) The medical record cited by Plaintiff consists of a letter from Dr. Robert Fernandez dated June 6, 2015, which post-dates the ALJ's May 23, 2014 decision, but was considered by the Appeals Council. AR 2, 4, 490. If the Appeals Council considers new evidence when determining whether to review an ALJ's decision, that evidence becomes part of the administrative record, and the district court must consider it when reviewing the Commissioner's final decision for substantial evidence. *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012). The Court has considered this evidence regarding injections and narcotic pain medications, but there is no indication in Dr. Fernandez's letter (or in Plaintiff's briefing) that such treatment was rendered during the time period adjudicated by the ALJ. Even if it were, and it was error to discount Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms based on a finding of

conservative treatment, any such error is harmless because the ALJ provided other clear and convincing reasons to discount Plaintiff's subjective symptom testimony. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008); *Batson*, 359 F.3d at 1197 (upholding ALJ's evaluation of claimant's testimony even though one reason may have been in error).

For these reasons, the Court finds that the ALJ did not err in his assessment of Plaintiff's subjective complaints.

## **CONCLUSION**

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, this Court **DENIES** Plaintiff's appeal from the administrative decision of the Commissioner of Social Security. The Clerk of this Court is **DIRECTED** to enter judgment in favor of Defendant Nancy A. Berryhill, Acting Commissioner of Social Security and against Plaintiff Gustavo Oceguera Rebolledo.

IT IS SO ORDERED.

Dated: **September 20, 2017**     /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE